IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00713-CBS

ROGER J. LUCAS,

    Plaintiff,

v.

THE OFFICE OF THE COLORADO STATE PUBLIC DEFENDER, a public entity,
DOUGLAS K. WILSON, individually and in his official capacity as the COLORADO PUBLIC DEFENDER, and
CARRIE THOMPSON, individually, and in her official capacity as the OFFICE HEAD for the COLORADO SPRINGS PUBLIC DEFENDER'S REGIONAL OFFICE

    Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of Confidential Information, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information appropriately designated as Confidential as outlined in paragraphs 3 through 7 herein.  This includes without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition

testimony, and other information or documents disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "Confidential" shall be information that is confidential, trade secret, or implicates common law and/or statutory privacy interests of non-parties, including non-party, current and former employees of the Office of the Colorado State Public Defender. Designation of information as Confidential shall not affect its discoverability. Confidential Information shall be used for the sole, strict and limited purpose of the preparation and trial of this action and shall not be used for any other purpose.

4. Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the Parties, including designated representatives for plaintiff and defendant;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e) the Court and/or its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   (g) deponents, witnesses, or potential witnesses provided all such individuals have executed a copy of the attached Nondisclosure Agreement; and

   (h) other persons by written agreement of all the Parties.

  5. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order.

  6. Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential." Any document designated as Confidential must have been reviewed by an attorney who made a good faith determination that the document is entitled to protection.

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A Party may object to the designation of information as Confidential by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information

shall lose its designation as Confidential and shall not be thereafter treated as Confidential in accordance with this Protective Order.

      9.    At the conclusion of this case, including completion of all possible appellate procedures, each document and all copies thereof which have been designated as Confidential shall be returned to the Party that designated it Confidential, or the Parties may elect to destroy Confidential documents at the conclusion of the time required by the rules governing attorneys for maintenance of such documents. Where the Parties agree to destroy Confidential documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

      10.    In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its Confidential status as between the parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

      11.    Nothing in this Protective Order shall be construed to prevent a party from using Confidential Information during depositions, during a Court

hearing, or at the trial of this matter. Procedures for the protection of Confidential matters at trial, if any, shall be arrived at separately by the parties or otherwise determined by the Court in advance of trial.

12. Notwithstanding any other provision of this Order to the contrary, no party is precluded from sharing any Confidential Information or document(s) with any lawfully constituted government or enforcement authority, pursuant to a lawful subpoena or request under the Colorado Open Records Act, provided, however, that reasonable notice shall be given to the other party prior to any such disclosure.

13. The inadvertent or unintentional disclosure by the supplying party of Confidential Information, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

ORDERED this 26th day of January, 2016.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 14th day of January, 2016.

APPROVED:

*s/ Roger J. Lucas*
The Law Office of Roger J. Lucas, L.L.C.
121 S. Tejon St., Ste. 900
Colorado Springs, CO 80903

**PLAINTIFF, PRO SE**


*s/ Douglas J. Cox*
Douglas J. Cox
Senior Assistant Attorney General
Office of the Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**ATTORNEY FOR DEFENDANTS**